5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Agileo Cervantes LUEVANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-9541.
 United States Court of Appeals, Tenth Circuit.
 Sept. 7, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner seeks review of a final order of deportation entered by the Board of Immigration Appeals. We affirm.
 
 
 3
 Petitioner was granted temporary resident status under the "legalization," or "amnesty," provisions of the Immigration Reform and Control Act of 1986, 8 U.S.C. 1255a. Under the regulations promulgated pursuant to the statute, an alien who is granted temporary residence must apply for permanent residence within forty-three months, or his temporary resident status will terminate. 8 C.F.R. 245a.2(u)(1)(iv).
 
 
 4
 After Petitioner's application for temporary residency was granted, but before he applied for permanent residency, Petitioner was convicted of possession of cocaine, for which he received a suspended sentence. Because this conviction made Petitioner deportable under 8 U.S.C. 1251(a)(2)(B)(i), the INS initiated deportation proceedings. The INS detained Petitioner at its facility in Aurora, Colorado, from January to September 1990, pending deportation. In September 1990, the BIA ruled that an alien who has been granted temporary resident status under 1255a must have that status terminated before he can be deported. In re Medrano, Interim Decision 3138, 1990WL385765 (Bd. Immigration App.1990). Based on the BIA's decision, the INS ended the deportation proceedings against Petitioner and released him.
 
 
 5
 Meanwhile, the legalization arm of the INS had instituted proceedings to terminate Petitioner's lawful status pursuant to 8C.F.R. 245a.2(u)(2). This regulation requires the regional processing facility ("RPF") to send the alien notice of the proposed termination by certified mail directed to the alien's last known address and to give the alien an opportunity to submit evidence in opposition to the grounds alleged for termination within thirty days of service of the notice. Id. If the alien's status is terminated, the director of the RPF must notify the alien of the decision and the reasons for termination. Id. Once an alien's temporary resident status is terminated, he automatically returns to the unlawful status he held before he received the temporary resident status and is amenable to deportation or exclusion proceedings. Id. 245a.2(u)(4).
 
 
 6
 The last known address the RPF had for Petitioner was 633Sec. N. Grand, Pocatello, Idaho, and it was to this address that the RPF sent the Notice of Intent to Terminate in March 1990. See R. Vol. I at 58-59. The notice stated that Petitioner's status was going to be terminated because he had been convicted of a felony. However, Petitioner had moved from the Grand Street address at the end of 1988, but had failed to notify the INS as required by 8 U.S.C. 1303-05. Moreover, at the time the notice was sent, Petitioner had not informed the INS that he was being held at the Aurora detention facility. Consequently, Petitioner did not receive the notice and did not oppose the proposed termination of status. Likewise, Petitioner did not receive the Notice of Termination, which was sent to the Grand Street address in May 1990, and did not appeal the termination decision to the Administrative Appeals Unit.
 
 
 7
 Once Petitioner's temporary resident status was terminated, the INS reinstituted deportation proceedings. At the hearing before the Immigration Judge ("IJ"), Petitioner was fully advised of his rights. He denied deportability, but the INS submitted exhibits showing his drug conviction. Petitioner then admitted that he had been convicted of the drug offense that was the basis for his deportation, but claimed that he was not subject to deportation because he had not received proper notice of the termination proceedings. Petitioner argued that because he was being detained by the INS in Aurora when the notices were sent, the RPF should have known he was not at the Grand Street address and should have sent the notices to him in Aurora despite the fact that he never notified the INS of any changes to his residency. Without deciding the notice issue, both the IJ and the BIA on appeal found that Petitioner had not provided any evidence to rebut the INS's evidence that his temporary status had been properly terminated, and they found him to be deportable pursuant to 8 U.S.C. 1251(a)(2)(B)(i).
 
 
 8
 In his petition for review before this court, Petitioner again argues that the termination decision was invalid because the INS failed to send him proper notice. Petitioner also alleges numerous due process and miscellaneous constitutional violations that we have determined to be meritless; therefore, we will only specifically address Petitioner's claim of error concerning proper notice.
 
 
 9
 Petitioner was found deportable pursuant to 8 U.S.C. 1251(a)(2)(B)(i) which provides in pertinent part that any alien convicted at any time after entry to the United States of a crime relating to a controlled substance is deportable. There is no requirement that the alien's status be terminated as a precondition for deportability under this statute. Consequently, because Petitioner did not challenge the accuracy of his drug conviction, he is deportable regardless of his immigration status.
 
 
 10
 The basis for deportation was established without question. Petitioner's procedural arguments relating to notice are misplaced and serve no purpose under these circumstances as they relate to the forfeiture of a temporary residence status, but do not reach the statutory basis upon which the deportation was based. The statutory provisions supporting Petitioner's deportation long antedates the legalization process on which Petitioner relies, and in any event must control as there is no inconsistency in substance.
 
 
 11
 We note in passing that even if Petitioner's status must be terminated prior to deportation, the INS fully complied with the applicable statutes and regulations governing its responsibility to provide Petitioner with notice and therefore Petitioner was not denied procedural due process. To rule otherwise would allow aliens such as Petitioner to thwart the legitimate authority of the INS to deport those convicted of particular crimes by breaching their duty to inform the INS of their whereabouts.
 
 
 12
 The decision of the Board of Immigration Appeals is AFFIRMED and the Petition for Review is DISMISSED.
 
 
 13
 IT IS SO ORDERED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3